

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-28-2004

# USA v. Matvia

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3867

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Matvia" (2004). *2004 Decisions*. Paper 186.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/186

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-3867
_____

UNITED STATES OF AMERICA

v.

JOHN MICHAEL MATVIA,
*Appellant*

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. No. 01-cr-00072)
District Judge: Honorable James F. McClure, Jr.
_____

Submitted Under Third Circuit LAR 34.1(a)
October 26, 2004
Before: SCIRICA, FISHER, and BECKER, *Circuit Judges*

(Filed:    October 28, 2004)

_____

OPINION
_____

BECKER, *Circuit Judge.*

This is an appeal by John Michael Matvia from an order of the District Court

denying, without an evidentiary hearing, Matvia's motion to withdraw his guilty plea,

Federal R. Crim. Proc. 32(e), to the charge of threatening to murder a United States

District Judge.  Because the parties are fully familiar with the background facts and procedural history we need not set them forth, and limit our discussion to our *ratio decidendi.*  For the reasons that follow, we affirm.

A defendant has no absolute right to withdraw a guilty plea.  *See United States v. Brown*, 250 F.3d 811, 815 (3d Cir. 2001).  The defendant bears the burden of establishing that there are valid grounds for withdrawal and "that burden is substantial."  *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003).  In his evaluation of this case, Judge McClure[1] took into account three factors: (1) whether the defendant asserts [his] innocence; (2) whether the government would be prejudiced by the withdrawal; and (3) the strength of the defendant's reasons for seeking to withdraw the plea.  This analysis accords with our jurisprudence.  *See United States v. Brown*, 250 F.3d at 815; *United States v. Huff*, 873 F.2d 709, 712 (3d Cir. 1989).[2]  We agree with Judge McClure that Matvia has failed to meet his burden.

First, Matvia has failed to assert his innocence in any meaningful way.  He has made conclusory statements without factual support.  The requisite showing is not made by the over 1,250 pages of text that he sent to governmental agencies and officials across

---

[1]Judge McClure, of the District Court of the Middle District of Pennsylvania, was assigned to hear the case inasmuch as the threats were made against a judge of the Western District of Pennsylvania.

[2]The government is not required to show prejudice if the defendant has not met the burden of establishing a basis for withdrawal of the plea.  *United States v. Jones*, 336 F.3d at 255; *United States v. Harris*, 44 F.3d 1206, 1210 fn.1 (3d Cir. 1995).

the United States declaring his innocence. We also note in this regard that during the plea colloquy Matvia admitted making the charged threat.

Neither has Matvia shown any fair and just reasons for withdrawal of the plea. The keystone of his case is the suggestion that he was not mentally competent at the time he entered the guilty plea. We have carefully reviewed the transcript of the plea hearing and it belies Matvia's contentions. Judge McClure's colloquy with Matvia elicited rational answers that reflected both Matvia's mental competence and the voluntariness of the plea. Second, the judge engaged in an colloquy with Marketa Simms, Matvia's counsel, who was satisfied with Matvia's competence. Judge McClure found that Ms. Simms performed most ably and did not coerce Matvia into pleading guilty. Additionally, Judge McClure considered the report of Dr. Wettstein, a psychiatrist who had examined Matvia and found him competent. All of this evidence supported Judge McClure's decision to deny the motion to withdraw the guilty plea.

At bottom, the true thrust of Matvia's present position lies in the statement of his counsel that, given Matvia's allegations of being brainwashed, his unstable nature and his erratic behavior, the Court should have conducted a hearing to satisfy Matvia's insistence that the Court examine the true merits of his claims. But Judge McClure, at one of the hearings, patiently listened to Matvia's jeremiad without apparent success in allaying Matvia's inner tensions.

In the words of his present counsel:

3

Matvia's unstable psychiatric state incapacitated him from entering his plea knowingly and voluntarily. Because Matvia rejects psychiatric treatment, his escalating "mixed disturbances of emotions and conduct" create inflated responses to distress and "significant impairment in several important areas of function" render him unable to meet this standard.

Matvia exhibits perceptual skews which create an inability in him to read a person's true intention and to misunderstand lucid messages and events. His interactions feature paranoid ideation, erratic leaps in progression of thought, broad swings of indecision and, ultimately, an inability to resolve his mixed emotions regarding this case.

But the record developed at the plea hearing described above, undermines these contentions.

Perhaps Judge McClure offered the best account of why a hearing was not required:

A hearing with new counsel for defendant would not make any difference in the presentation of defendant's account as the ultimate credibility determination still rests on defendant's own statements. Likewise, both Sims's written and oral statements as to what steps she took on defendant's behalf, which are consistent with the record, corroborate her credibility. The court therefore, will not hold a new hearing on this issue because the court cannot see how a new hearing could possibly assist defendant's cause or result in a different credibility determination.

Indeed, "[a] motion to withdraw a guilty plea may be denied without a hearing where the defendant's allegations 'merely contradict the record,' are 'inherently incredible,' or are 'simply conclusory.'" *United States v. Torres*, 129 F.3d 710, 715 (2d Cir. 1992)(quoting *United States v. Gonzalez*, 970 F.2d 1095, 1100 (2d Cir. 1992)). As found before at the *ex parte* hearing, the court now finds that defendant's allegations are simply conclusory statements that contradict the record. Thus, there is no need to hold another hearing on the matter of Sims's alleged ineffectiveness because it would be needlessly duplicative and wasteful of judicial resources.

4

Judge McClure's findings are well supported, and we agree with his legal conclusions.

Defense counsel did not request an evidentiary hearing regarding Matvia's psychiatric state at the time of the guilty plea. We decline the government's invitation to hold the issue of failure to hold an evidentiary hearing not preserved, so that we would review for plain error. Instead, we review for abuse of discretion. However, for the reasons set forth above, we find no abuse. The order of the District Court will be affirmed.